UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                               Case Number 08-11814

v.                                                           Honorable David M. Lawson

A&M PROPERTIES, INC.,

        Defendant.

_____/

## **ORDER GRANTING MOTION TO ENTER CONSENT DECREE**

This matter is before the Court on the government's unopposed motion for entry of a consent decree. In the underlying case, the government sues the defendant for violations of the Residential Lead-Based Paint Hazard Reduction Act of 1992 (RLBPHRA). 42 U.S.C. §§ 4851 *et seq*. Prior to filing suit, however, the government approached the defendant in the hopes of resolving this matter without protracted litigation. The parties worked out an agreement, embodied in a proposed consent decree filed shortly after the complaint. The government published notice of the proposed consent decree in the Federal Register on May 13, 2008. The notice informed members of the public that they could file comments regarding the decree within thirty days. When the comment period ended on June 12, 2008, no comments had been filed. In light of that history, the government – with the support of the defendant – now asks the Court to enter the proposed consent decree.

This Court reviews a proposed consent decree to determine whether it is "'fair, adequate, and reasonable, as well as consistent with the public interest.'" *United States v. County of Muskegon*, 298 F.3d 569, 581 (2002) (quoting *United States v. Jones & Laughlin Steel Corp.*, 804 F.2d 348, 351 (6th Cir. 1986)). The Court is satisfied that the present decree bears those qualities. The RLBPHRA requires lessors to disclose to lessees lead-based paint hazards in the hopes of mitigating the harm

posed to children. *See* 42 U.S.C. § 4852d(a); *Cudjoe ex rel. Cudjoe v. Dept of Vet. Affairs*, 426 F.3d 241, 248 (3d Cir. 2005). Violations are subject to EPA and HUD enforcement, and these agencies have promulgated regulations implementing the Act and authorizing the assessment of fines and injunctive relief. *See* 24 C.F.R. Pt. 35 (HUD regulations); 40 C.F.R. Pt. 745.100 (EPA regulations).

The consent decree at issue requires the defendant to pay to the government a penalty of $42,500. It also contains injunctive relief. First, the defendant must comply fully in the future with the RLBPHRA by providing tenants the required disclosures and consent forms. Second, the defendant must take measures to abate lead-based paint hazards in the two properties (containing a total of five units) that it owns and manages.

The Court finds this agreement consistent with the statutory and regulatory framework in light of the violations identified. The defendant failed to make the required disclosures on multiple occasions, and some of its units are not free of lead-based paint. After reviewing the consent decree, the Court finds that it is fair, adequate, reasonable, and consistent with the public interest.

Accordingly, it is **ORDERED** that the government's unopposed motion to enter the consent decree [dkt # 4] is **GRANTED**. The Court shall enter the consent decree immediately hereafter.

    s/David M. Lawson  
    DAVID M. LAWSON  
    United States District Judge

Dated: July 24, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 24, 2008.

    s/Felicia M. Moses  
    FELICIA M. MOSES